# UNITED STATES DISTRICT COURT

Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Kevin DiCello | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:   15 CR 00017 (KMK)<br>USM Number:   72228-054<br><br>_Harvey Slovis, Esq._<br>Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   1, 14, 18 and 28

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Defraud the United States | 2015 | 1 |
| 18 USC 1341 | Mail Fraud | 1/15/2010 | 14 |
| 18 USC 1014 | False Statements in Loan and Credit Applications | 2010 | 18 |
| 18 USC 1957 | Engaging in Monetary Transactions in Property Derived from Unlawful Activity | 1/29/2010 | 28 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   any open or pending   ☐ is   X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 9, 2017
Date of Imposition of Judgment

_/s/ KMK_
Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

4/19/17
Date

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

DEFENDANT: Kevin DiCello
CASE NUMBER: 15 CR 00017 (KMK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

time served. The Defendant has been advised of his right to appeal.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | | Judgment—Page __3__ of __8__ |
|---|---|---|
| DEFENDANT: | Kevin DiCello | |
| CASE NUMBER: | 15 CR 00017 (KMK) | |

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years of supervised release to run concurrent on all counts (to include 6 months of home confinement)

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    X The above drug testing condition is suspended, based on the court's determination that you
    pose a low risk of future substance abuse. *(check if applicable)*
4. X You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Judgment—Page 4 of 8

DEFENDANT: Kevin DiCello
CASE NUMBER: 15 CR 00017 (KMK)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT: Kevin DiCello
CASE NUMBER: 15 CR 00017 (KMK)

## SPECIAL CONDITIONS OF SUPERVISION

The Defendant shall comply with the conditions of Location Monitoring for a period of six months, which program may include electronic monitoring or voice identification. During this time you will remain at your place of residence except for employment and other activities approved by your Probation Officer. You will maintain a telephone at your place of residence without call forwarding, a modem, caller ID, call waiting, or portable cordless telephone for the above period. Location Monitoring shall commence on a date to be determined by the Probation Officer. Should Location Monitoring be imposed, the Defendant shall pay the costs of Location Monitoring on a self-payment or co-payment basis as directed by the Probation Officer.

It is recommended that the Defendant is to be supervised by the district of residence.

The Defendant will provide the Probation Officer with access to any and all requested financial information.

The Defendant will not incur any new credit charges or open additional lines of credit without the approval of the Probation Officer unless the Defendant is in compliance with the installment payment schedule.

DEFENDANT: Kevin DiCello
CASE NUMBER: 15 CR 00017 (KMK)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| TOTALS | $ 400.00 | $ | $ | $ 865,000 |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| c/o Clerk of the Court<br>Director, Financial<br>Operations Center<br>Federal Housing<br>52 Corporate Circle Office<br>Albany, New York 12203<br>Telephone no. 800-669-5152<br>Fax no. 518-464-4299 |  | $865,000.00 |  |
| **TOTALS** | $ | $ |  |

☐ Restitution amount ordered pursuant to plea agreement $ ____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page 7 of 8

DEFENDANT: **Kevin DiCello**
CASE NUMBER: **15 CR 00017 (KMK)**

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The restitution shall be paid as follows: $50,000.00 shall be paid on July 1, 2017. The remainder shall be paid in monthly installments of $500.00 per month starting August 1, 2017.

The Defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

DEFENDANT: Kevin DiCello
CASE NUMBER: 15 CR 00017 (KMK)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   X   Lump sum payment of $ 400.00 due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    US v. Robert Lees 17cr00017 (joint and several)

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:

    See Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 5/26
------------------------------ X
                                :
    UNITED STATES OF AMERICA    :     PRELIMINARY ORDER OF
                                :     FORFEITURE/MONEY
            - v. -              :     JUDGMENT
                                :
    KEVIN DICELLO,              :     S1 15 Cr. 17 (KMK)
                                :
            Defendant.          :
                                :
------------------------------ X
```

WHEREAS, on May 6, 2015, KEVIN DICELLO (the "Defendant"), and others, was charged in a thirty-one count Superseding Indictment, S1 15 Cr. 17 (KMK) (the "Indictment"), with conspiracy, in violation of Title 18, United States Code, Section 371 (Count One); mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count Fourteen); false statements in loan and credit applications, in violation of Title 18, United States Code, Sections 1014 and 2 (Count Eighteen); and engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Sections 1957 and 2 (Count Twenty-Eight);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to, the following:

    a.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 10 Wintergreen Place, Hopewell Junction, New York 12533;

WHEREAS, the Indictment included a second forfeiture allegation as to Counts Fourteen and Twenty-Eight of the Indictment seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Fourteen and Twenty-Eight of the Indictment;

WHEREAS, the Indictment included a third forfeiture allegation as to Counts Fourteen and Eighteen of the Indictment as to the Defendant seeking, pursuant to Title 18, United States Code, Section 982(a)(2), the forfeiture of any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offenses charged in Counts Fourteen and Eighteen of the Indictment;

WHEREAS, on April 20, 2016, the Defendant pled guilty to Counts One, Fourteen, Eighteen and Twenty-Eight of the Indictment; and

WHEREAS, on January 19, 2017, the Defendant was sentenced and ordered to forfeit $865,000.00 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One, Fourteen, Eighteen and Twenty-Eight of the Indictment;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Fourteen, Eighteen and Twenty-Eight of the Indictment, to which the Defendant was found guilty after trial, a money judgment in the amount of $865,000.00 in United States currency (the "Money Judgment") shall be entered against the Defendant. The Defendant is jointly and severally liable for the Money Judgment with co-defendants charged in the Indictment.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture/Money Judgment, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, KEVIN DICELLO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

4. Upon execution of this Preliminary Order of Forfeiture/Money Judgment and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

7. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Sarah K. Eddy, Chief of the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
January 19, 2017

SO ORDERED:

_____
HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE