U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*United States District Court*
*300 Quarropas Street*
*White Plains, New York 10601*

June 26, 2017

**BY ELECTRONIC MAIL AND CM/ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States* v. *Kevin DiCello*,
            S1 15 Cr. 17 (KMK)

Dear Judge Karas:

    The Government respectfully submits this letter in response to defendant Kevin DiCello's motion (the "Motion"), dated June 20, 2017 (Docket Entry 156), in which DiCello asks this Court to modify DiCello's terms of supervised release. For the reasons set forth herein, although the Government does not object to the modification that DiCello seeks as a way to enforce this Court's mandate, the Government believes that there is a better modification that would ensure that this Court's intended sentence is properly executed.

**I.**    **Background**

    On January 19, 2017, this Court sentenced DiCello on all four counts of the S1 Superseding Indictment with which he had been charged, following his guilty plea. At the sentencing hearing, the Court granted the Government's motion for a downward departure under the United States Sentencing Guidelines, pursuant to U.S.S.G. § 5K1.1, and ultimately sentenced DiCello to, among other things, time served, to be followed by three years' supervised release. A special condition of the supervised release was that it would include six months of home confinement, although this Court contemplated a relatively lenient term of home confinement:

> I think the suggestion of six months home confinement is a good one, but here's what that means. You go to work. You deal with your religious obligations, any medical obligations, any obligations you have for your family. If there's a school event, you have to go. So you're probably not going to get a lot of home confinement. Let's face it, being a parent, you're probably confined to your home anyways. But it's only six months. And it's going to be in the discretion of the probation officer, because I want to make sure you fulfill all your obligations. And I'm defining this quite broadly.

Hon. Kenneth M. Karas
June 26, 2017
Page 2 of 5

\* \* \*

> And you tell those CYO [Catholic Youth Organization] people, as
> far as I'm concerned, you should get to coach [youth basketball].

(Tr. 26, 31).[1]

In the judgment filed in this case, the Court wrote: "During this time [six months] you will remain at your place of residence except for employment and other activities approved by your Probation Officer." (Docket Entry 156-1 at 6).

## II.     The Probation Office's Interpretation of the Judgment

After DiCello met with his Probation Officer, he voiced concerns to the Government that his Probation Officer might be misinterpreting the terms of his supervised release, reading them more restrictively than the Court intended.[2]

I have spoken with DiCello's Probation Officer, who is located in the Middle District of Pennsylvania, where DiCello lives, about the meaning of this Court's explanation of the terms of DiCello's supervised release—in particular, the terms of home confinement. DiCello's Probation Officer indicated that his and his supervisor's understanding, absent language in the judgment otherwise, is that "other activities approved by your Probation Officer" refers only to "necessary" activities and that, other than for work (which was spelled out in the judgment), the Probation Officer would not approve any activities that were not delineated in the judgment unless they were deemed necessary. DiCello's Probation Officer explained that, even though DiCello had shown the Probation Office a copy of the transcript of his sentencing hearing, the practice of that District is, nonetheless, to view the terms of home confinement restrictively, and not to afford the Probation Officer substantial discretion in approving activities. DiCello's Probation Officer opined that, perhaps, an imposition of a curfew instead of home confinement would accomplish the Court's goals. He suggested that such a curfew could be 7:00 am to 7:00 pm.

## III.    DiCello's Motion

On June 20, 2017, DiCello filed the Motion, in which he "respectfully requests that his Sentencing Judgment and Special Conditions of Supervision be amended to impose a curfew rather than home confinement so that he may attend family events and other important functions outside of this home." (Docket Entry 156 at 3).

---

[1] "Tr." refers to the transcript of DiCello's sentencing hearing, which took place before this Court on January 19, 2017.

[2] DiCello also emphasized that, nonetheless, until and unless this question of interpretation was resolved otherwise, he planned on abiding by the rules and restrictions set forth by his Probation Officer, as he must.

Hon. Kenneth M. Karas
June 26, 2017
Page 3 of 5

## IV. Argument

### A. Applicable Law

As a general matter, "[t]he court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."[3] 18 U.S.C. § 3582(c)(1)(B). However, "[a] court 'may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release' after considering certain sentencing factors outlined in 18 U.S.C. § 3553(a)." *United States* v. *Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (citing 18 U.S.C. § 3583(e)(2)). "So long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *Id.* (collecting cases). When so modifying, the Court is not required to hold a hearing if either: (A) the defendant "waives the hearing"; or (B) "the relief sought is favorable to the person and does not extend the term of probation or of supervised release"; *and* (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2)(A)-(C).

### B. Discussion

There is little question that the Middle District of Pennsylvania's Probation Office's restrictive view of the terms of home confinement do not accord with the spirit of the sentence that this Court imposed, particularly in light of this Court's explicit admonition: "here's what that means. You go to work. You deal with your religious obligations, any medical obligations, any obligations you have for your family. If there's a school event, you have to go. So you're probably not going to get a lot of home confinement." (Tr. 26). Because DiCello appears to be asking this Court only to modify the explicit terms of his supervised release, as set forth in a modified judgment, to execute the sentence the Court intended, and because this Court is permitted to modify the terms of DiCello's supervised release, the Government does not object to such a modification.

Unfortunately, that is not the end of the inquiry. DiCello's—and the Pennsylvania Probation Office's—recommendation that this Court reduce DiCello's term of home confinement to a term of curfew would likely represent both an under-inclusive and over-inclusive solution. It would be under-inclusive because it would still defer to the Probation Office's limited view of its discretion when it is asked to grant permission to DiCello to engage in activities outside of the curfew—for example, if he has nighttime church activities or his children have nighttime educational activities. Conversely, it would be over-inclusive because this Court did intend a greater restriction on DiCello than a mere curfew—which the Court could have pronounced if that was what it wanted—and the Court's intentions from the time of sentencing should not be so easily

---

[3] There are other narrow exceptions that are self-evidently inapplicable here. *See* 18 U.S.C. § 3582(c)(1)(A) & (c)(2).

Hon. Kenneth M. Karas
June 26, 2017
Page 4 of 5

thwarted by virtue of the fact that it likely and reasonably crafted the wording of the judgment with an eye toward the practices opf the District in which it sits, rather than the practices of a District with which it is not familiar.

Accordingly, the Government suggests simply that the Court amend the judgment of conviction to replace the sentence "During this time you will remain at your place of residence except for employment and other activities approved by your Probation Officer" with the following:

> During this time you will remain at your place of residence except for employment and other activities—including, but not limited to: religious activities; family obligations; medical obligations; activities involving civic organizations and/or your church; athletic coaching activities; institutions with which your children and/or spouse are involved, such as schools, camps, athletic leagues and teams, and after-school programs; and such other activities that your Probation Officer determines are reasonably related to your personal, family, religious, and civic obligations—approved by your Probation Officer.

While this language may be more detailed than the language this Court usually issues, which relies on the discretion of the Probation Officer, in light of the policies of the Middle District of Pennsylvania, this language would be more likely to ensure that the sentence pronounced at DiCello's sentencing hearing is, in fact, the sentence executed by the relevant Probation Officer.

I have communicated with counsel to DiCello, who indicated that, to the extent that this counter-proposal is deemed an objection—which would thus require a hearing pursuant to Federal Rule of Criminal Procedure 32.1(c)(2)(C)[4]—he explicitly waives any such hearing pursuant to Rule 32.1(c)(2)(A).

---

[4] The relief sought is favorable to DiCello and does not extend the term of supervised release. Fed. R. Crim. P. 32.1(c)(2)(B).

Hon. Kenneth M. Karas
June 26, 2017
Page 5 of 5

    Please feel free to contact us with any questions or issues.

                          Respectfully submitted,

                           JOON H. KIM
                         Acting United States Attorney

              By:    /s/ Michael D. Maimin
                        Michael D. Maimin
                        James F. McMahon
                        Won S. Shin
                        Assistant United States Attorneys
                        Tel.:   (914) 993-1952 / 1936
                                (212) 637-2226

cc:    Harvey Slovis, Esq. (via electronic mail and CM/ECF)

*[Handwritten note:]* The Government's suggested modification, contained on page 4 of this letter is sensible, in light of all the § 3553(a) factors. Therefore, the conditions of Mr. DiCello's supervised release are modified accordingly.

So Ordered.
/s/ KMK
6/27/17